BROWN, Judge.
Defendant, Roy Green, was charged by Bill of Information with possession of cocaine with intent to distribute. He plead guilty to a reduced charge of possession of cocaine and was sentenced to 5 years at hard labor. On appeal he claims that as a first felony offender his sentence was excessive. Determining that the trial court did not abuse its discretion, we affirm.
LSA-La. Const. Art. 1, § 20 prohibits the imposition of excessive punishment. Although a sentence is within the statutory limits, it may still violate a defendant’s constitutional right against excessive punishment. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980). The trial court must state its reasons for a sentence to enable an appellate court to carry out its review obligation as required by the Constitution. LSA-C.Cr.P. Art. 894.1 provides a framework that, if followed, will clearly demonstrate why a particular sentence was imposed. Art. 894.1 provides a method for the trial court to set out the factual basis for its sentence and insures that the sentence is tailored to the offender and the particular offense. State v. Smith, 433 So.2d 688 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
A trial court has wide discretion to sentence within the statutory limits. In exercising our appellate review, we are cognizant of the trial court’s unique and advantageous position to observe the defendant, evaluate the circumstances of the crime and understand the community. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra. A first felony offender has no absolute right to a suspended sentence or probation and a trial court should consider all factors and evidence it deems necessary to protect the best interest of the public and defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in determining an appropriate sentence. State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987). We further recognize that strict rules involving sentences in contraband possession cases are impracticable. State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir.1990).
In this case, defendant was charged with possession of cocaine with intent to distribute and faced a possible sentence ranging from 5 to 30 years. Defendant was observed by two Minden police officers leaning in the window of a pickup truck in an area widely known for street corner drug distribution. Defendant threw down one matchbox containing three rocks of cocaine when he saw the police. Another matchbox of cocaine was found in defen *371 dant’s shirt pocket. He received a substantial benefit in the plea bargain which reduced his exposure to 0 to 5 years.
Defendant at 41 years of age was not a youthful offender. The trial court noted that defendant had proven that he was not a good risk for probation because his prior probation on a misdemeanor conviction had been revoked. The trial court was keenly aware of the suffering that street corner drug distribution in this area was bringing to the community.
Although minimally, the trial court did factually support the sentence imposed. Under the circumstances of this case, the sentence was not such as to shock this court’s sense of justice nor does it reflect a manifest abuse of the wide discretion. of the trial court.
DECREE
Finding no merit in defendant’s assignment, we affirm.
AFFIRMED.
STEWART, J., concurs.