637 So.2d 741 (1994)
STATE of Louisiana
v.
Cedric J. COLLINS.
No. KA 93 1198.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*742 Charles Grey, Dist. Attorney's Office, Baton Rouge, for plaintiff/appellee State.
David Price, Baton Rouge, for defendant/appellant Cedric J. Collins.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
Defendant, Cedric J. Collins, was charged by bill of information with possession of cocaine, in violation of LSA-R.S. 40:967 C. Originally, he pled not guilty but subsequently changed his plea to guilty under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to seek review on appeal of the trial court's denial of his motion to suppress evidence. Defendant was sentenced to five years at hard labor, with credit for time served. He appeals, urging three assignments of error. Assignment of error number two was expressly abandoned in defendant's brief and will not be considered.

FACTS
On March 20, 1992, defendant was apprehended after tossing a matchbox containing cocaine. Because defendant pled guilty and there was no trial, the following facts are taken from the hearing on the motion to suppress the evidence. Baton Rouge City Police Narcotics Officer Steve Brown testified that he was patrolling the area of 29th and Gracie Streets in Baton Rouge in response to numerous complaints about illegal drug sales occurring at the intersection. Previously, Officer Brown had been involved in arrests for narcotics violations in that area. At approximately 10:15 a.m., Officer Brown saw a black male, later identified as defendant, flag down a pink minivan driven by a black female. When the minivan stopped, defendant walked to the driver's side, had a conversation with the driver, and then the two had some type of "hand-to-hand transaction." When Officer Brown exited his vehicle and began to approach defendant, defendant began to run. As Officer Brown was chasing defendant, he saw defendant had a matchbox in his left hand. While defendant was running, he opened the matchbox and tossed it to the ground. As the matchbox fell to the ground, Officer Brown observed some small packages containing a white powder fall from the matchbox. Seconds later, Officer Brown apprehended defendant and retrieved the matchbox and small packages. The five clear plastic bags of white powder tested positive for cocaine at the State Police Crime Lab.

*743 ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant alleges that the trial court erred by failing to grant his motion to suppress the evidence. Specifically, defendant contends that Officer Brown did not have reasonable grounds to detain or probable cause to arrest defendant, that the abandonment of the evidence occurred as a result of the illegal detention and, therefore, the evidence should have been suppressed.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as both federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Pautard, 485 So.2d 909, 911 (La.1986). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether or not the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Payne, 489 So.2d 1289, 1291 (La.App. 1st Cir.), writ denied, 493 So.2d 1217 (La.1986).
The totality of circumstances must be considered in determining whether or not reasonable cause exists. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An officer's knowledge that a certain area is one of frequent criminal activity is a legitimate, recognized factor which may be used to judge the reasonableness of a detention. State v. Jones, 483 So.2d 1207, 1209 (La.App. 4th Cir.), writ denied, 488 So.2d 197 (La.1986). Such so-called high crime areas are places in which the character of the area gives color to conduct which might not otherwise arouse the suspicion of an officer. State v. Buckley, 426 So.2d 103, 108 (La.1983). In the instant case, Officer Brown was patrolling an area known to him as a place for drug trafficking. Officer Brown observed a "hand-to-hand" transaction consistent with the sale of drugs. On the basis of his observation in an area well-known to the police for drug traffic, Officer Brown felt that he had witnessed a possible drug transaction. These particular facts and circumstances provided Office Brown with articulable knowledge sufficient to reasonably suspect defendant of criminal activity and, therefore, reasonable cause existed for defendant's investigatory detention. However, before Officer Brown could detain and question defendant, he began to run; and Officer Brown chased him. While chasing him, Officer Brown observed defendant with a matchbox (a container which the police know is favored by drug traffickers for storing drugs) and then saw clear plastic bags with white powder fall to the ground.
At that point, Officer Brown had probable cause to arrest. Hence, the action taken by Officer Brown in approaching defendant qualified as an attempt at a legal investigatory stop (i.e., had defendant not begun running, Officer Brown could have questioned him), and following the chase, the unfolding of additional facts and circumstances presented herein would clearly have resulted in the initial reasonable suspicion rising to the level of probable cause for defendant's arrest. Therefore, the evidence was seized as a result of an arrest for which Officer Brown had probable cause.
Moreover, for the reasons which follow, we conclude that even if Officer Brown lacked the initial reasonable suspicion for his encounter with defendant, because defendant abandoned the matchbox containing the contraband prior to an "actual stop" or an "imminent actual stop," the evidence was lawfully seized.
In California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the U.S. Supreme Court held that an individual is not "seized" within the meaning of the Fourth Amendment until that individual either submits to the police show of authority or is physically contacted by the police. The Louisiana Supreme Court, in State v. Tucker, 626 So.2d 707, 712 (La.), on rehearing, 626 So.2d 720 (La.1993), recently adopted the definition of an "actual stop" of a citizen as defined in Hodari D. However, recognizing that Article 1, Section 5, of the Louisiana Constitution provides greater protections *744 than those provided by the Fourth Amendment of the U.S. Constitution, the Louisiana Supreme Court went beyond Hodari D., by holding that our constitution also protects individuals from "imminent actual stops."
In Tucker, the Court recognized the necessity for determining what constitutes an "imminent actual stop" for those situations wherein the police attempt to seize an individual but the individual neither submits to the police show of authority nor is physically contacted by the police. The Court listed the following factors for use in assessing the extent of police force employed and determining whether or not that force was virtually certain to result in an "actual stop" of the individual: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter. State v. Tucker, 626 So.2d at 712-713.
Utilizing the factors listed in Tucker, we find that defendant's "actual stop" was not imminent at the time he abandoned the evidence. Officer Brown was fifteen feet away during his observation of defendant and did not approach defendant with his weapon drawn. Also, both defendant and the officer were on foot, and the encounter occurred in broad daylight with no one else around, when Officer Brown was the only officer in the area. Under these circumstances, we find that defendant was not in imminent danger of being "actually stopped" by Officer Brown. Therefore, even if Officer Brown initially lacked reasonable suspicion for a stop of defendant, once defendant abandoned the matchbox containing cocaine, reasonable suspicion for the stop of defendant and seizure of the matchbox certainly existed. Accordingly, for the reasons herein stated, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, defendant contends that his sentence is excessive and that the trial court did not follow the new sentencing guidelines. In his motion to reconsider sentence, defendant stated that his sentence exceeds the recommended sentencing range of the sentencing guidelines and that the trial court failed to justify its departure from the guidelines. In his brief, defendant states that any prior conviction relied upon by the trial court in determining the sentence must be old because the state did not use it to file a habitual offender bill, and, therefore, the maximum sentence for this defendant is excessive.
We note that neither the motion to reconsider sentence nor the appeal brief state which grid cell is applicable or how far the given sentence exceeds the recommended range. Therefore, we are unable to determine how the trial court's sentence departs from the recommended range, if at all. However, in State v. Mims, 619 So.2d 1059, 1059-1060 (La.1993), the Supreme Court indicated that "[i]f the defendant does not allege any specific ground for excessiveness [in his motion to reconsider sentence] or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness." Therefore, we will consider the bare claim of excessiveness.
At the sentencing, the trial court stated that it had reviewed the sentencing guidelines and had rejected them as overly lenient for a second felony offender. (Also, contrary to defendant's assertion in brief, the record shows that the state did not file a habitual offender bill against defendant because the state had agreed not to do so, as part of the plea agreement.) The trial court further stated that defendant had a drug problem and noted that both of his convictions were for narcotics offenses. We note that this Court will not set aside a sentence due solely to the trial court's failure to impose the sentence in conformity with the new sentencing guidelines, where the record supports the sentence imposed. See LSA-C.Cr.P. *745 arts. 881.4 D, 881.6 and 894.1 A. After a careful review of the record, we find that the sentence imposed is not excessive. Therefore, this assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.