h KIRBY, Judge.
On June 17, 1998, the defendant, Joseph Rice, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. The defendant entered a plea of not guilty at his arraignment on June 22,1998. After a jury trial on July 6, 1998, the defendant was found guilty as charged. On July 28, 1998, the trial court denied defendant’s motion for post verdict judgment of acquittal. The defendant waived delays, and the trial court sentenced defendant to serve five years at hard labor. The trial court granted defendant’s motion for appeal. On the same date, the State filed a multiple Ml of information. The defendant pled not guilty to the multiple bill. A multiple offender hearing was held on January 21, 1999. The defendant admitted to the allegations in the multiple bill. The trial court adjudicated defendant to be a second offender, vacated the prior sentence, and resen-tenced defendant to five years at hard labor. The defendant objected to the sentence imposed. Defendant now appeals his conviction and sentence.

STATEMENT OF FACTS

On June 2, 1998, New Orleans Police Officers Ryan Maher and Chris Cambiotti were patrolling in the 800 block of Camp Street when they saw the | ^defendant urinating against a wall. The officers exited their vehicle and stopped the defendant. They asked the defendant for identification, but he had none. The officers then arrested the defendant for lewd conduct. In a search incident to the defendant’s arrest, the officers found a pack of cigarettes in the defendant’s rear pants pocket. A crack pipe containing what appeared to be crack cocaine residue was found in the package of cigarettes. The defendant was then arrested for possession of crack cocaine and possession of drug paraphernalia.
The parties stipulated that the residue found in the pipe tested positive for cocaine.
Joseph Rice testified at trial that he was walking to work in the 800 block of Camp Street when the officers stopped him and told him to put his hands on the police vehicle. The officers searched him and found the cigarettes and the crack pipe. The defendant had found the crack pipe on the ground and put it in his wallet. The defendant stated he knew it was a crack pipe and was going to try to sell it at work. He admitted that he saw the crack cocaine residue in the pipe. The defendant acknowledged prior convictions for issuing worthless checks and aggravated sexual battery.

*914
ASSIGNMENT OF ERROR NUMBER 1

The defendant contends that the evidence was insufficient to support his conviction for possession of cocaine.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. | ¡» Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proyen such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
To support a conviction for possession of cocaine, the state must prove that the defendant was in possession of the illegal drug and that he knowingly possessed it. State v. Lavigne, 95-0204 (La. App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140; State v. Chambers, 563 So.2d 579 (La.App. 4 Cir.1990). Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Goiner, 410 So.2d 1085 (La.1982). Although a conviction for possession of cocaine can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant’s guilty knowledge. State v. Spates, 588 So.2d 398 (La.App. 2 Cir.1991). In addition, the possession of drug paraphernalia such as a metal pipe or “straight shooter” is indicative of guilty knowledge. Id.
|Jn State v. Jones, 94-1261 (La.App. 3 Cir. 5/17/95), 657 So.2d 262, the court concluded that the defendant’s actions and possession of an object that is used exclusively for smoking crack cocaine provided sufficient evidence to show that the defendant knowingly possessed cocaine. This Court, in State v. Gaines, 96-1850 (La. App. 4 Cir. 1/29/97), 688 So.2d 679, writ denied, 97-0510 (La.9/5/97), 700 So.2d 503, held that defendant’s possession of a glass pipe which contained cocaine residue was sufficient to prove defendant’s possession of cocaine.
In Lavigne, the defendant was found to be in possession of a crack pipe that had a residue in it. The residue was found to be cocaine.. The defendant alleged that he found the pipe on the street and did not know it contained cocaine, as he could not see the residue. The defendant stated that he intended to throw the pipe away once he got home. In affirming the defendant’s conviction, this court noted that the defendant’s guilty knowledge could be inferred from the defendant’s dominion and control over the pipe and the residue of cocaine found in the pipe. State v. Lavigne, at 779.
In the case at bar, Officers Maher and Cambiotti testified that they found the crack pipe on the defendant after a search incident to his arrest. The officers stated that they could see the cocaine residue in the pipe when they took the pipe out of the package of cigarettes. The defendant admitted he was in possession of the pipe and that he knew there was crack cocaine residue in the pipe. The parties stipulated at trial that the residue in the pipe tested positive for cocaine. Such testimony was *915 sufficient for the jury to find the defendant guilty of possession of cocaine.
This assignment is without merit.

\ .ASSIGNMENT OF ERROR NUMBER 2

In this assignment, the defendant argues that the trial court erred in adjudicating him to be a second felony offender. The defendant contends that the trial court erred in using defendant’s 1987 plea of guilty to aggravated sexual battery to enhance his sentence. The defendant alleges that the State failed to produce sufficient evidence that the defendant waived his constitutional rights when he entered the 1987 guilty plea.
A review of the multiple bill hearing reveals that the defendant admitted to his identity as the person who pled guilty in the prior conviction of aggravated sexual battery in the State of Virginia. However, the defendant did not admit that the guilty plea was entered knowingly and voluntarily. Thus, the State was still required to meet its burden under La. R.S. 15:529.1 to prove the validity of the prior guilty plea. The defendant contends that the State failed to meet its burden because the certified documents concerning the prior conviction for aggravated sexual battery were confusing as to whether the defendant pled guilty. While the certified documents are not in the record, the transcript of the multiple offender hearing indicates that the minute entry from the predicate offense had a clerical error. The trial judge, in summarizing the information from the minute entry, noted the error stating,
I will state for the record in the document it does say the defendant pled not guilty to the said indictment and knowingly and voluntarily waived the right to trial by jury with the concurrence of the attorney for the Commonwealth and of the Court, but it goes on to state - it goes on to sentence Mr. Rice at that time. I assume this is a mistake. They meant to put guilty. They put not guilty. You cannot sentence someone after a plea of not guilty. So, the clear intent, is as I understand this document, that he did in fact plead guilty to this charge at that time.
IfiAs the trial court noted, the error of which the defendant complains is clearly a clerical error. The Virginia court would not have sentenced defendant had he not pled guilty to the charge of aggravated sexual battery. This “confusion” was not such to prevent the State from meeting its burden of proving the validity of the prior guilty plea. The trial court correctly adjudicated the defendant to be a second felony offender.
On appeal, the defendant also argues that the State failed to prove that the guilty plea was knowingly and voluntarily made, as the minute entry is silent on whether the Virginia court advised defendant of his rights against compulsory self-incrimination or to confront his accusers. Defendant did not file a written response as required by La. R.S. 15:529.1, and he orally objected at hearing only to the trial court’s finding regarding the “not guilty” language in the above-mentioned minute entry. Therefore, this issue is not preserved for review on appeal. La. R.S. 15:529.1; La.C.Cr.P. article 841.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 3

Lastly, the defendant suggests that trial court failed to comply with La. C.Cr.P. article 894.1 when it sentenced him and that the sentence imposed is unconstitutionally excessive. After adjudicating the defendant a second felony offender, the trial court vacated the prior sentence and resentenced the defendant to five years at hard labor. Prior to sentencing the defendant, the trial court noted defendant’s pri- or conviction for aggravated sexual battery in 1987. At the original sentencing hearing, the trial court recognized that the defendant had another prior conviction for issuing worthless checks in 1980.
*916 |7Article 1, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.”
A sentence within the statutory limit is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering.” State v. Caston, 477 So.2d 868 (La. App. 4 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983). It is well-established that the trial court need not articulate the aggravating and mitigating circumstances listed in La. C.Cr.P. art. 894.1 as long as the record clearly indicates an adequate factual basis for the sentence imposed. State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237; State v. Coleman, 94-0666 (La.App. 4 Cir. 12/15/94), 647 So.2d 1355, writ denied 95-0145 (La.5/19/95), 654 So.2d 1354.
In the case at bar, the trial court did not enunciate its reasons for sentencing. However, the record clearly provides an adequate factual basis for the sentence imposed. The defendant was found guilty of possession of cocaine. The cocaine was found on the defendant subsequent to a search incident to his arrest for lewd Isconduct. The officers testified that they observed the defendant urinating on the wall. Further, the defendant admitted that he possessed the crack pipe. He stated at trial that he was going to try to sell it at work. Thus, he knew he was in possession of illegal contraband and was going to attempt to commit another crime, i.e., the selling of drug paraphernalia. Pri- or to sentencing the defendant, the trial' court was advised of the defendant’s prior convictions for issuing worthless checks in 1980 and aggravated sexual battery in 1987.
In light of the defendant’s prior criminal history, the sentence imposed by the trial court is not excessive. The appellate courts have affirmed similar sentences of five years at hard labor for possession of cocaine. See State v. Green, 595 So.2d 369 (La.App. 2 Cir.1992); State v. Sumlin, 605 So.2d 608 (La.App. 2 Cir.1992); State v. Collins, 93-1198 (La.App. 1 Cir. 5/20/94), 637 So.2d 741; and State v. Warren, 28,-889, 28,890 (La.App. 2 Cir. 12/11/96), 712 So.2d 500, This assignment is without merit.
Accordingly, we affirm the defendant’s conviction and sentence.
AFFIRMED.