753 So.2d 933 (2000)
STATE of Louisiana
v.
Ronald ALEXANDER.
No. 98-KA-1377.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2000.
*934 Paula C. Marx, Louisiana Appellate Project, Lafayette, LA, Attorney for Defendant/Appellant.
Harry F. Connick, District Attorney, Joseph E. Lucore, Assistant District Attorney, *935 New Orleans, LA, Attorneys for Plaintiff/Appellee.
(Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER and Judge JAMES F. McKAY, III).
MIRIAM G. WALTZER, Judge.
Defendant, Ronald Alexander, appeals his conviction and sentence. After a jury trial, Alexander was found guilty of distribution of cocaine, and after a hearing, the court sentenced him as a multiple offender. We affirm the conviction, multiple offender adjudication and sentence.

STATEMENT OF THE CASE
By bill of information dated 7 January 1998, defendant was charged with distribution of cocaine; and, he pled not guilty. On 10 February 1998, he was tried by a twelve-member jury that found him guilty as charged. On 3 March 1998, the trial court sentenced defendant to thirty years at hard labor; and, the State filed a multiple bill. On 23 April 1998, defendant admitted his identity at the multiple bill hearing; and, the trial court found him to be a third felony offender. The trial court vacated the original sentence and re-sentenced defendant to life imprisonment at hard labor. Defendant filed a motion for reconsideration of sentence.

STATEMENT OF THE FACTS
Sergeant Michael Glasser testified that on 28 October 1997, he and Sergeant Cindy Scanlan were conducting an undercover narcotics investigation; and, at around 9:00 p.m., they drove down North Robertson Street. Glasser testified that when they reached the intersection with St. Phillip Street, they saw defendant standing on the corner and made eye contact with him. Glasser further testified that when defendant made a slight hand gesture, they pulled to the curb; and, defendant walked up to the car and asked what they were looking for. Glasser said that they were looking for a "twenty," meaning a twenty dollar piece of crack cocaine. Defendant instructed them to drive around the block, and Glasser gave him a twenty dollar bill that had been photocopied and recorded. Glasser stated that as they drove around the block they radioed a description of defendant to other officers who were positioned nearby. They returned to the same spot where defendant handed Glasser a small Ziploc bag with a piece of a white substance that later tested positive for cocaine. Glasser and Scanlan pulled away and radioed other officers to inform them that the transaction had been completed. Officer Eduardo Colmenero testified that he, his partner, and three other officers participated in the arrest of defendant who matched the description given by Glasser and Scanlan. Officer Randy Loumiet testified that he searched defendant after the arrest and found the prerecorded twenty dollar bill in defendant's pocket.
Defendant testified that at 9:00 p.m. on 28 October 1997, he was walking toward St. Phillip from Dumaine down North Robertson and that when he got to the middle of the block on Robertson, a friend gave him some drugs. He further testified that when he saw a car pull over, he walked up after hearing a man call to him because he thought it was someone he knew named Pierre. Defendant stated that when the man asked him for a "twenty," he replied that he did not have any drugs. After the man asked him again, defendant told the man that all he had was a "little piece" for himself. Defendant testified that the man asked him to sell it, but he refused. He said that he then decided to break off a piece, which he gave to the man; and, as he walked away from the car, the man called to him and threw a twenty dollar bill to the ground.

ERRORS PATENT
A review of the record reveals an error patent with regard to defendant's sentence. The trial court failed to specify that the life sentence was to be without benefit of parole, probation, or suspension of sentence as required by LSA-R.S. 15:529.1 A(1)(b)(ii). The sentence is, *936 therefore, illegally lenient; but, because this is an error favorable to defendant and the State has not complained, the illegally lenient sentence cannot be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986); State v. Samuels, 94-1408 (La. App. 4 Cir. 6/7/95), 657 So.2d 562. There are no other errors patent.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, defendant complains that there is insufficient evidence to support the guilty verdict. He argues that there is reasonable doubt as to what transpired because of the conflict in the testimony between the police officers and defendant.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
Defendant was convicted of distribution of cocaine. The elements of distribution of cocaine are knowingly or intentionally distributing a controlled dangerous substance classified in Schedule II. State v. Brumfield, 93-2087 (La.App. 4 Cir. 6/30/94), 639 So.2d 1196. Distribution of cocaine requires proof of only general intent, and such intent is established by mere proof of voluntary distribution. State v. Parker, 627 So.2d 210 (La.App. 4 Cir.1993), writ denied 93-2956 (La.3/11/94), 634 So.2d 403.
The State presented sufficient evidence to prove defendant's guilt of distribution of cocaine beyond a reasonable doubt. Defendant correctly points out that there is conflicting testimony between him and the police officers; but, the jury apparently resolved these testimonial conflicts adversely to defendant by finding him guilty. This credibility determination by the jury was not an abuse of discretion. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, defendant complains that the trial court erred in failing to issue written findings as to the multiple bill hearing pursuant to LSA-R.S. 15:529.1 D(3). A review of the hearing transcript and the record shows that neither a request for written reasons nor an objection to the lack thereof was made by defendant; therefore, he has failed to preserve this issue for review. LSA-C.Cr.P. art. 841. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
In his third assignment of error, defendant complains that the trial court erred in adjudicating him a third felony offender on the basis that his conviction for simple escape, one of the two predicate convictions alleged in the multiple bill, was based on an invalid guilty plea.
The first issue that must be resolved is whether defendant has preserved this issue for appellate review. In State v. Cossee, 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72, this court held that the failure to file a written response to the multiple bill as required by LSA-R.S. 15:529.1 *937 D(1)(b) precluded appellate review of the defendant's claim that the documentary evidence was insufficient to support one of the prior convictions set forth in the multiple bill. The record in the present case does not contain a written response; but, defendant specifically objected at the multiple bill hearing to the use of the simple escape conviction on the grounds that there was insufficient proof that he had been adequately Boykinized. An oral objection has been found sufficient to preserve such issues for appellate review. State v. Anderson, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14. Thus, defendant has preserved this issue for appellate review.
LSA-R.S. 15:529.1 D(1)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. In State v. Shelton, 621 So.2d 769, 779-780 (La.1993), the Supreme Court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than the "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (Footnotes omitted).
At the multiple bill hearing, defendant admitted that he was the same person previously convicted in Case No. 278-078 of simple escape in January 1981 and in Case No. 249-380 of simple burglary in December 1975. The State introduced into evidence Exhibit 1, a certified copy of the simple burglary conviction which was based on a jury verdict, and Exhibit 2, a certified pen pack showing that defendant had been released in June 1992 for the crime of simple burglary. The State also introduced Exhibit 3, defendant's conviction and guilty plea to simple escape, and Exhibit 4, a certified pen pack showing that defendant had been released in February 1993 on the simple escape charge. Defendant objected to Exhibit 3 because the records did not adequately show that defendant had been properly Boykinized. The trial judge stated that he found that defendant had been advised of his three constitutional rights as required by Boykin.
The documents introduced by the State in Exhibit 3 consist of the bill of information, the docket master, the minute entry from the guilty plea, and the waiver of rights/plea of guilty form. The guilty plea form was signed by defendant, and it contains his initials after the enumeration of the following rights: his right to a trial by judge or jury and to an appeal if convicted; his right to confront his accusers, cross-examine witnesses, and to compulsory process; his right against self-incrimination; and his right to counsel. The minute entry states that the court interrogated defendant as to whether he understood his constitutional rights, the court having explained the same, and that defendant answered the court in the affirmative.
It does not appear that the trial court erred in finding defendant to be a third *938 felony offender based on the evidence introduced by the State as to the 1981 guilty plea to simple escape. Reading the waiver of rights form together with the minute entry establishes that defendant made a knowing and voluntary guilty plea and that he validly waived his constitutional rights. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In his fourth and final assignment of error, defendant complains that the trial court imposed an excessive sentence in sentencing him to life imprisonment at hard labor because the offense was not the most serious kind.
The trial court sentenced defendant to life imprisonment at hard labor after finding him a third felony offender. LSA-R.S. 15:529.1 A(1)(b)(ii) provides:
If the third felony or either of the two prior felonies is a felony described as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Because the third felony was for distribution of cocaine, violation of the Uniform Controlled Dangerous Substances Law that was punishable by imprisonment for more than five years, the life sentence was mandatory. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La. 1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983).
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780 (La.App. 4 Cir. 11/18/98), 725 So.2d 23. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676.
In the present case, defendant has not presented clear and convincing evidence to rebut the presumption that the mandatory life sentence under LSA-R.S. 15:529.1 A(1)(b)(ii) is constitutional. Therefore, the sentence imposed by the trial court is not excessive. This assignment of error is without merit.
CONCLUSION
Defendant's conviction and sentence are affirmed.
AFFIRMED.