765 So.2d 1129 (2000)
STATE of Louisiana
v.
Oliver VENTRY.
No. 99-KA-0302.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 2000.
*1130 Harry F. Connick, District Attorney of Orleans Parish, Holli Herrle-Castillo, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant.
Court composed of Judge MIRIAM G. WALTZER, Judge MOON LANDRIEU, and Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, Judge.

STATEMENT OF THE CASE
By bill of information dated October 3, 1991, defendant was charged with second degree murder; and he pled not guilty. On October 22, 1991, the defendant was found guilty as charged. On October 29, 1991, the defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Defendant filed an errors patent appeal with this Court, and on June 7, 1995. The defendant's conviction and sentence were affirmed. State v. Oliver Ventry, 92-KA-0708, unpub., (La.App. 4 Cir. 6/7/95), 654 So.2d 1376. On April 24, 1998, defendant was granted an out-of-time appeal.

STATEMENT OF THE FACTS
In defendant's previous appeal, the facts were set forth as follows:
Det. Porretto testified that on August 10, 1991 he investigated the murder of Myron Matthews and the defendant was a suspect. The defendant gave a voluntary statement in which he stated that he and Kenneth Johnson were drinking in a bar when Johnson and the bartender, Matthews, began to argue. Matthews knocked Johnson out of the door of the bar and turned toward the defendant. Because he thought Matthews was *1131 coming after him, the defendant shot him. The defendant dropped a .38 revolver as he ran from the scene.
Det. Small testified that he was called to the crime scene and identified photographs taken there. He interviewed Barbara Smith, Matthews' girlfriend, Richard Weber, a bar patron, and Matthews' mother, who was called after the shooting. He could not locate Kenneth Johnson.
Dr. Tracy, who performed the autopsy for the Coroner, testified that Matthews died from a single gunshot wound to the back of the head.
Richard Weber testified that he was in the bar sitting near the door about 3:20 a.m. when he heard a shot and saw Matthews fall to the floor. Matthews appeared to be going through the front door. Weber did not see a preceding fight and saw no weapon in Matthews' hand. He did not see the person who fired the gun. Barbara Smith testified that she was helping Matthews behind the bar that night. Matthews, who did not have any kind of weapon, was putting a man out of the bar. The next thing she heard was Matthews' sister yelling that he had been shot. She called the police. Smith did not see the person who shot Matthews, but everyone in the bar said that "Ollie" (the defendant) had fired the gun.

DISCUSSION

ERRORS PATENT
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, defendant complains that the State failed to prove his guilt beyond a reasonable doubt. He argues that the State failed to prove that he did not act in self-defense when he shot and killed Matthews. He points to the fact that neither Richard Weber nor Barbara Smith actually saw the shooting.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hawkins, 96-0766 (La.1/14/97), 688 So.2d 473. The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
Defendant was found guilty of second degree murder, which is defined as the killing of a human being with the specific intent to kill or inflict great bodily harm. La. R.S. 14:30.1; State v. Guy, 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d 517, writ denied 96-0388 (La.9/13/96), 679 So.2d 102. When a defendant claims that he acted in self-defense, the State must prove beyond a reasonable doubt that the homicide was not justifiable under La. R.S. 14:20. State v. Causey, 96-2723 (La.App. 4 Cir. 10/21/98), 721 So.2d 78. A homicide is justifiable if committed by one in defense of himself when he reasonably believes that he is in imminent danger of being killed or of receiving great bodily harm and that the homicide is necessary to save himself from that danger. La. R.S. 14:20(1). Although there is no unqualified duty to retreat, the possibility of escape is a factor in determining whether or not the defendant had a reasonable belief that deadly force was necessary to avoid the danger. State v. McClain, 95-2546 (La. *1132 App. 4 Cir. 12/11/96), 685 So.2d 590. However, a defendant who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that the defendant desires to withdraw and discontinue the conflict. Id.
After reviewing the evidence in the light most favorable to the prosecution, we find that the State proved that the defendant did not act in self-defense. Further, the defendant overlooks one critical fact in his assertion that he acted in self-defense: Dr. Tracy testified that the bullet entered the back of the victim's head. Dr. Tracy further testified that in relation to the gun, the victim was facing exactly away from the firearm. This refutes the claim the defendant's claim that Matthews was coming at him which allegedly led him to shoot Matthews. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error, defendant complains that the trial court erred in denying his motion for new trial because of the unavailability of a key defense witness and because of newly discovered evidence. He argues that the trial court refused to continue the trial so that he could find Kenneth Johnson, who could have possibly provided exculpatory evidence that would have shown that the shooting was a justifiable homicide. The defendant also argues that there was newly discovered evidence, namely that he had been on medication prior to the shooting while he was imprisoned and that he did not have this medication when he was released.
La.C.Cr.P. art. 851 provides:
The motion for new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment;
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
When a motion for new trial is based on newly discovered evidence, the defendant must show, among other things, that, notwithstanding the exercise of reasonable diligence, the new evidence was not discovered before or during trial. La. C.Cr.P. art. 854(1). Additionally, Article 854 requires the defendant to show the names of the witnesses who will testify and a concise statement of the newly discovered evidence; the facts which the witnesses or evidence will establish; and that the witnesses are not beyond the process of the court or are otherwise available. The defendant must also show that the evidence is material to issues at trial and that the evidence is of such a nature that it would probably have produced a different verdict. State v. Metoyer, 97-2266 (La. App. 4 Cir. 10/7/98), 720 So.2d 148.
During the pendency of the defendant's prior appeal, his counsel filed a motion to *1133 remand the case to the trial court to allow the filing of a motion for new trial so that the testimony of Kenneth Johnson, who is erroneously referred to as Kenneth Smith in the motion, and Dr. Ciro Juarez, the psychiatrist from parish prison, could be presented at the hearing. The trial court denied the motion for new trial because defense counsel was unable to locate Johnson. Further, the record is devoid of any evidence that Dr. Juarez testified at the hearing.
After reviewing the entirety of the record, we find no error in the trial court's denial of the motion for new trial. The record indicates that the defendant never requested a motion for continuance in order to locate Johnson. The trial court issued an instanter subpoena for Johnson who was to be attached as a material witness. At the close of the State's case, defendant requested a recess that the trial court granted. The defense rested its case after the subpoena came back with the return showing that Johnson was not "locatable."
At the motion for new trial hearing, defense counsel informed the court that he was unable to locate Johnson. Defendant failed to show that Johnson is any more available or "locatable" as a witness now than he was at the time of the trial or the hearing on the motion for new trial. As to the purported testimony of Dr. Juarez regarding defendant's medication, defendant failed to establish that this evidence was only discovered since trial and that his failure to discover this evidence was not due to a lack of reasonable diligence on his part. Accordingly, this assignment of error is without merit.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.