11 Judge TERRI F. LOVE.
STATEMENT OF THE CASE
Defendant Jeffrey Jones was charged by bill of information on September 4, 1998 with possession of cocaine, a violation of La. R.S. 40:967(C). Defendant pled not guilty at his September 11, 1998 arraignment. A preliminary hearing and motion to suppress was held, and the trial court found probable cause and denied the motion to suppress. At the jury trial, the defendant was found guilty of attempted possession of cocaine. Subsequently, the State filed a multiple offender bill of information alleging the defendant to be fourth felony offender. The defendant filed a motion for new trial, which was denied, and the trial court ordered a pre-sentence investigation. The defendant filed a motion to quash the multiple bill; the trial court found the defendant to be a third felony offender and denied the motion to quash. The trial court again denied the motion for new trial. The defendant was sentenced to life imprisonment at hard labor, and the motion to reconsider sentence and motion to quash were denied. Defendant filed a notice of appeal.
The record was lodged with this court, and later supplemented with a letter from the Clerk of Criminal District Court reflecting that the multiple bill hearing | ¡>exhibits were not found in the Criminal District Court file or the property room. This court affirmed the conviction, but vacated the multiple bill adjudication and sentence and remanded, finding that the State had failed to prove that the defendant’s guilty pleas to the prior crimes were knowingly and voluntarily entered. State v. Jones, 2000-1942 (La.App. 4 Cir. 7/25/01), 792 So.2d 117.
On remand, the defendant again pled not guilty to the multiple bill. He filed a motion to quash the multiple bill, which was denied, and the defendant was found to be a fourth offender. He filed another motion to quash, or in the alternative, a motion in arrest of judgment, which was also denied. The defendant was re-sentenced as a fourth offender to twenty years at hard labor without benefit of probation or suspension of sentence. The defendant filed a motion to reconsider sentence that was denied. This appeal followed.

STATEMENT OF THE FACTS

Police Officer Chris Cambiotti of the Eighth District, Task Force, Narcotics Unit, testified that on 11 August 1998, he and his partner had just effected an arrest at Elysian Fields and Burgundy and were en route to Central Lockup with the prisoner when he observed the defendant standing in a doorway with an object to his mouth. The officers stopped to investigate, and as they exited the vehicle, the defendant brought the object down to his *785 side and dropped it to the ground. Officer Cambiotti retrieved the object, a crack pipe, which he stated was warm to the touch when he retrieved it. Cambiotti acknowledged that he did not recover a lighter or matches from the defendant and that he did not observe any smoke emanating from defendant’s mouth. Officer Ryan Maher testified to the same facts.
RMr. Corey Hall, an expert in the testing of controlled dangerous substances, testified that he performed two tests — the crystal test and the gas chromatograph mass spectrometer test — on the substance in the pipe, and it proved to be cocaine. The defense called Mr. Clifton Johnson, who testified that he was arrested with the defendant. He stated that on the day in question he passed by the defendant as he was exiting his apartment. Mr. Johnson testified that he had never met Jones before and that the two were walking side by side when the police stopped them and had them place their hands on the police car. Mr. Johnson stated the officers subsequently found a crack pipe in the immediate area. He denied that he or Jones had discarded the pipe. Mr. Johnson testified that he was arrested for possession of drug paraphernalia for which he was awaiting trial.

ASSIGNMENT OF ERROR ONE

Defendant contends the evidence was insufficient to support the conviction. This argument is not properly before the court as the court found the evidence sufficient in the earlier appeal.

ASSIGNMENT OF ERROR TWO

The defendant argues counsel was ineffective for failing to properly investigate the case.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 |4So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986); State v. Landry, 499 So.2d 1320 (La.App. 4 Cir.1986).
The defendant’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland 466 U.S. at 686, 104 S.Ct. 2052. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 693, 104 S.Ct. 2052. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
This court has recognized that if an alleged error falls “within the ambit of *786 trial strategy” it does not “establish ineffective assistance of counsel.” State v. Bienemy, 483 So.2d 1105 (La.App. 4 Cir. 1986). Moreover, as “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is | .^successful.” State v. Brooks, 505 So.2d 714, 724 (La.1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363.
The defendant’s argument of ineffective assistance of counsel is directly related to the issue raised in his second assignment of error in his earlier appeal where this court reviewed his argument that his motion for new trial had been improperly denied. This court stated:
La.C.Cr.P. art. 851 provides that a new trial shall be granted on motion of defendant whenever, among other reasons:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;....
' In order to obtain a new trial based on newly discovered evidence, the defendant must show that: (1) the new evidence was discovered after trial; (2) the failure to discover the evidence at the time of trial was not due to the defendant’s lack of diligence; (3) the evidence is material to the issues at trial; and (4) the evidence is of such a nature that it would probably have changed the verdict of guilty. State v. Bright, 98-0398 (La.4/11/00), 776 So.2d 1134. In ruling on the motion, the trial court is to ascertain whether there is new material fit for a new jury’s verdict, not weigh the evidence as though it were a jury determining guilt of innocence. State v. Cavalier, 96-3052, p. 3 (La.10/31/97), 701 So.2d 949, 951. Nevertheless, the court must determine whether the evidence presented at trial appears strong enough to support a conclusion that the newly discovered evidence probably would not have changed the verdict, considering any newly discovered evidence that would be presented at trial. Id., 96-3052 at pp. 4^5, 701 So.2d at 952. A trial court assessing the legal merits of a motion for new trial is given considerable latitude in evaluating the reliability of the evidence and its impact on the verdict. State v. Brooks, 98-0693, p. 12 (La.App. 4 Cir. 7/21/99), 758 So.2d 814, 820, writ denied, 99-2519 (La.2/25/00), 755 So.2d 247. The trial court has much discretion in ruling on a motion for new trial. State v. Cureaux, 98-0097, p. 4 (La.App. 4 Cir. 5/26/99), 736 So.2d 318, 321. Review of the trial court’s ruling is limited to determining whether the trial court abused its discretion. State v. Labran, 97-2614, p. 6 (La.App. 4 Cir. 5/26/99), 737 So.2d 903, 907, writ denied, 99-1981 (La.1/7/00), 752 So.2d 175.
The new evidence presented by the defendant at his motion for new trial were copies of two municipal affidavits which reflect that Clifton Johnson was arrested for violations of lewd conduct by urinating in public | fiand possession of drug paraphernalia on August 11, 1998, at 12:10 a.m., at 2112 Burgundy Street. The defendant’s motion for new trial states that, despite the exercise of reasonable diligence, the affidavits were not discovered prior to trial. The affidavit in support of the motion for new trial, submitted by counsel, states that he only learned of the name of the witness “shortly before *787 the day of trial,” and farther that he only learned on the day of trial that Clifton Johnson was also arrested for possession of drug paraphernalia. (R. pp. 43-45) It is important to distinguish between new evidence and evidence that simply had not been collected prior to trial. While defense counsel may not have had sufficient lead-time to procure the municipal affidavits charging Clifton Johnson pri- or to trial, he certainly did or should have known that if Mr. Johnson had been arrested there would be public records to confirm or deny the fact. It is difficult to classify public records of the type here as newly discovered evidence. Aware that Johnson would testify that he and the defendant were arrested together, counsel should have moved for a continuance based on the necessity of obtaining the corresponding arrest records. Appellant has failed to show that the municipal affidavits were any more available or locatable after the trial, than they were before trial. State v. Ventry, 99-0302 (La.App. 4 Cir. 6/14/00), 765 So.2d 1129, 1133. Accordingly, appellant has failed to demonstrate that the evidence was not obtainable despite reasonable diligence.
Furthermore, assuming the municipal affidavits were unavailable for purposes of La.C.Cr.P. art. 851, they do not constitute evidence, which if introduced at trial would probably have changed the verdict. The motion and affidavit for new trial contend that the municipal affidavits are exculpatory as they refute the testimony of the two officers that Clifton Johnson was not arrested for possession of cocaine or drug paraphernalia. However the record reflects that Officer Maher testified that he could not remember what the other individual was arrested for, and that Officer Cambiotti was never asked the question. Although the affidavits corroborate Johnson’s testimony regarding his being arrested at the same time as defendant, as the face sheet of Jones’ arrest report reflects, he was also arrested at 12:10 a.m., as well as his assertion that he was charged with possession of drug paraphernalia, these facts do not provide a basis for the grant of a new trial because the evidence is merely cumulative. State v. Cavalier, 96-3052, p. 3 (La.10/31/97), 701 So.2d 949, 951.
It should be noted that the Johnson’s assertion that he and defendant were arrested for possession of the same crack pipe was not directly affected by the affidavits. However, this allegation could be confirmed or allayed by information, such as a receipt from central evidence and property, concerning the evidence submitted in connection with Clifton Johnson’s arrest, information which has not been submitted here or in the trial court.
|7The defendant fails to show that the trial court abused its discretion in denying the motion for new trial in either respect. This assignment of error is without merit.
Jones, pp. 7-9, 792 So.2d at 123-124.
As such, this court has already held that although counsel may have erred, the error did not affect the outcome of the trial. Accordingly, this assignment is without merit.

ASSIGNMENT OF ERROR THREE

In this assignment of error, defendant claims the trial court erred in adjudicating him a fourth felony habitual offender, as the State failed to prove that the predicate guilty pleas were knowingly and voluntarily entered. Defense counsel filed a motion to quash the multiple offender bill of information alleging that the state failed to prove the defendant had been *788 properly Boykinized and the trial court noted counsel’s objection to his ruling on the hearing; therefore, these issues have been preserved for review. State v. Boles, 99-0427, p. 7 (La.App. 4 Cir. 5/10/00), 763 So.2d 74, 79 (a defendant’s failure to object at the habitual offender hearing to the absence of Boykin transcripts precludes review of that issue therefore, the converse is true).
In State v. Alexander, 98-1377 (La.App. 4 Cir. 2/16/00), 753 So.2d 933 this court stated:
LSA-R.S. 15:529.1 D(l)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. In State v. Shelton, 621 So.2d 769, 779-780 (La.1993), the Supreme Court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was | «represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than the “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights, (footnotes omitted).
98-1377, at pp. 5-6, 753 So.2d at 937.
Here, the defendant was charged with having committed three previous offenses: attempted simple burglary in 1995, distribution of false drugs in 1989, and three counts of distribution of cocaine in 1988. At the multiple bill hearing, a fingerprint expert testified that the defendant’s fingerprints matched the arrest register in the 1988 conviction. The State also introduced the bill of information, a guilty plea form containing the Boykin rights, a minute entry, and a docket master pertaining to the 1988 conviction. The defendant’s fingerprints matched those on the back of the bill of information. Next, the expert testified that the defendant’s fingerprints matched those on the arrest register of the 1989 conviction. Again, the State introduced the bill of information, a guilty plea form containing the Boykin rights, a minute entry and a docket master; however, in this conviction, there were no fingerprints on the back of the bill of information. Lastly, the fingerprint expert testified that the defendant’s fingerprints matched those on the arrest register of the |;i!994 conviction. The State introduced the bill of information, a multiple bill of information, the guilty plea form, the docket master, and the minute entry. The defendant’s fingerprints matched those on the back of the bill of information.
*789 The defendant argues there was no evidence that he was represented by counsel in the prior guilty pleas. However, in the 1995 conviction, counsel signed the guilty plea form, and the docket master shows that he was represented by counsel. The 1989 plea form is signed by counsel, and the minute entry reflects that he was represented. The 1988 plea form was signed by counsel, and the docket master shows that he was represented.
Next, the defendant complains of a typographical error in the bill of information, which states the date of the offense as May 21, 1980 instead of May 21, 1989. However, the arrest register correctly sets out the date. The error in the bill of information was clearly a typographical error.
Lastly, the defendant argues some alleged error in his guilty plea to a multiple bill in the 1995 conviction effects his conviction as a multiple offender in this case. He makes no claim as to the guilty plea to the 1995 offense itself. The earlier multiple bill in no way effects this multiple bill. This assignment is without merit.

ASSIGNMENT OF ERROR FOUR:

The defendant argues that the trial court erred in denying his motion for new trial and in arrest of judgment. As set out above, this argument has already been reviewed by this court.

ASSIGNMENT OF ERROR FIVE

|inThe defendant argues his sentence is unconstitutionally excessive.
La. R.S. 15:529.1 A(l)(e)(i) provides:
If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
The defendant was adjudicated a fourth felony offender and one of his prior felonies was for a violation of the Controlled Dangerous Substances Law punishable by more than five years. Accordingly, the statute prescribes a minimum of twenty years imprisonment. The defendant argues that the sentence is unconstitutionally severe as applied to his case.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive it if makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. Courts have the power to declare a sentence excessive even if it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court has the authority to reduce a mandatory minimum sentence provided by the multiple offender statute for a particular offense and offender if the sentence would be constitutionally excessive. State v. Pollard, 93-0660 (La.10/20/94), 644 So.2d 370. Because the Habitual Offender Law has been held constitutional, the minimum sentences it imposes upon multiple offenders are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. To rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is exceptional in that, because of unusual circumstances, the | n defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. *790 Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531.
As noted above, defendant’s sentence is the minimum under the statute and is thus presumed constitutional. It is therefore incumbent upon the defendant to rebut the presumption. The defendant argues that because none of his previous or current convictions were for a crime of violence, the instant conviction is “essentially for possession of drug paraphernalia”. The defendant also contends that the jury only convicted him of attempted possession, and he is one of those rare persons who is deserving of a downward departure from the minimum sentence.
However, the trial court was aware of a pre-sentence investigation. In 1988, the defendant was convicted of four counts of distribution of cocaine and received probation. While on probation, defendant was convicted of distribution of false drugs and incarcerated. He was paroled. However, he absconded from supervision, and his parole was revoked in 1993. He was released on parole again in 1994, and again he was convicted of another felony, simple burglary. He was released from prison on parole in 1997 and, after being arrested for felony theft, his parole was revoked in 1998. Finally, defendant was again paroled in July 1998, only to be arrested for the instant offense little more than a month later in August 1998.
Considering the above extensive and serious criminal record, the trial court did not abuse its discretion in refusing to deviate from the minimum sentence | ^prescribed by statute. This assignment is without merit. Therefore, we affirm the defendant’s adjudication and his sentence as a multiple offender.
AFFIRMED.
JONES, J., dissents with reasons.